# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH DAKOTA
# WESTERN DIVISION

| | |
|---|---|
| BLAKE BARBER,<br><br>               Plaintiff,<br><br>vs.<br><br>PENNINGTON COUNTY JAIL,<br><br>               Defendant. | 5:18-CV-05057-JLV<br><br>ORDER GRANTING *IN FORMA PAUPERIS* STATUS AND DISMISSING CASE |

On August 8, 2018, plaintiff Blake Barber, appearing *pro se*, filed a complaint against the Pennington County Jail. (Dockets 1 & 5). Plaintiff moved for leave to proceed *in forma pauperis* and provided the court with his financial information. (Dockets 2 & 3). Section 1915 of Title 28 of the United States Code, as amended by the Prison Litigation Reform Act ("PLRA"), governs proceedings filed *in forma pauperis*. When a prisoner files a civil action *in forma pauperis*, the PLRA requires a prisoner to pay an initial partial filing fee when possible. See 28 U.S.C. § 1915(b)(1). The initial partial filing fee is calculated according to § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A)    the average monthly deposits to the prisoner's account; or

(B)    the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Id.

In support of his motion, Mr. Barber provided copies of his prisoner trust account report signed by an authorized official. (Docket 3). The report shows an average monthly deposit of $4.17, an average monthly balance of $2.08, and a current balance of $0.01. Id. Based on this information, the court finds Mr. Barber is indigent, qualifies for *in forma pauperis* status and is not required to make an initial partial filing fee payment. These findings do not discharge the $350 filing fee but rather allow a prisoner the opportunity to pay the filing fee in installments. See 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee.").

Under 28 U.S.C. § 1915A, the court must review a prisoner complaint and identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. This screening process "applies to all civil complaints filed by [a] prisoner[], regardless of payment of [the] filing fee." Lewis v. Estes, 242 F.3d 375 at *1 (8th Cir. 2000) (unpublished) (citing Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999)). During this initial screening process, the court must dismiss the complaint in its entirety or in part if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The court may dismiss a complaint under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim as "the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual

2

allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Because Mr. Barber is proceeding *pro se*, his pleading must be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007).

Mr. Barber names the Pennington County Jail as the defendant in this case. (Dockets 1 & 5). "[C]ounty jails are not legal entities amenable to suit." Owens v. Scott County Jail, 328 F.3d 1026, 1027 (8th Cir. 2003). Mr. Barber's claim against the Pennington County Jail is dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.

Based on the analysis above, it is

ORDERED that Mr. Barber's motion to proceed *in forma pauperis* (Docket 2) is granted.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the institution having custody of Mr. Barber shall, whenever the amount in Mr. Barber's inmate account exceeds $10, forward monthly payments that equal 20 percent of the funds credited to the account the preceding month to the

Clerk of Court for the United States District Court, District of South Dakota, until the $350 filing fee is paid in full.

IT IS FURTHER ORDERED that, pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), Mr. Barber's complaint (Docket 1) is dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that plaintiff's motion (Docket 6) is denied without prejudice as moot.

IT IS FURTHER ORDERED that the Clerk of Court is directed to send a copy of this order to the appropriate official at plaintiff's institution.

DATED this September 4, 2018.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY VIKEN
CHIEF JUDGE